(Pleito No. 203.—Fallado el 10 de Junio de 1902.)

## Goico contra El Registrador de la Propiedad.

Solicitud de un *Mandamus.*

Hipoteca de bienes muebles. No son susceptibles de hipoteca la maquinaria y accesorios de una fábrica, con independencia del edificio en que se encuentran colocados permanentemente.

### RESOLUCIÓN.

Puerto Rico, diez de Junio de mil novecientos dos.—Visto el presente recurso gubernativo interpuesto por el Abogado Don Wenceslao Bosch en representación de la sociedad industrial en comandita que gira bajo la razón de J. Goico y Cª contra negativa del Registrador de la Propiedad de esta Capital á inscribir una escritura de ratificación de contrato y constitución de hipoteca voluntaria.—Resultando:. Que por escritura pública otorgada en esta Capital ante el Notario de la misma Don Juan de Guzmán Benitez, en trece de Diciembre del año próximo pasado, el Abogado Don Wenceslao Bosch y Puig, como apoderado general y administrador de la sociedad industrial en comandita que gira en esta Ciudad bajo la razón de J. Goico y Cª, según el poder que le otorgara en esta Capital en tres de Abril del mismo año ante el Notario de Bayamón Don Tomás Valldejuli y Calatraveño, y Mr. Henry Gomes Guimaraes, como administrador de la "San Juan Ice and Refrigerating Company", que es una corporación organizada bajo las leyes del Estado de Nueva Jersey, en los Estados Unidos de América, justificando su carácter de administrador de dicha compañía con la correspondiente acta de la Junta de Directores de la misma, en la que según manifestación del Notario otorgante, se le autorizaba para formalizar la referida escritura, después de consignar en ella como antecedentes que los Sres. J. Goico y Cª eran propietarios de dos fábricas de hielo establecidas una, en el barrio de la Marina de esta Capital, movida por fuerza de vapor, y otra situada en el inmediato pueblo de Bayamón,

movida por fuerza hidráulica, hallándose instalada la primera en terreno y edificio de la propiedad de Don Eduardo González Caneja; que á la otra sociedad "The San Juan Ice and Refrigerating Company" correspondía á su vez otra fábrica de hielo con solar y edificio de la propiedad de la misma instalada en el barrio de Puerta de Tierra de esta Capital; que con fecha veinte y nueve de Diciembre del año anterior habían celebrado las expresadas sociedades un convenio consignado en documento privado que se inserta en la misma escritura y en el que, entre otras condiciones, se establece que la sociedad J. Goico y Cª suspendería todos los trabajos de fabricación de hielo en sus dos fábricas, por un plazo de siete años y compraría á la otra sociedad compareciente todo el hielo que necesitara para el consumo de San Juan, bahía, Puerta de Tierra, Santurce y todos los demás pueblos de la Isla; que la otra sociedad "San Juan Ice and Refrigerating Company" no podría vender ninguna cantidad de hielo para dentro de la Isla de Puerto Rico, ni para ninguna de las Antillas, sino por conducto de J. Goico y Cª, ni donarlo, sin excepción de caso ni persona, obligándose además á vender á la citada sociedad J. Goico y Cª todo el hielo que ésta necesitara para la venta, hasta quinientas diez toneladas por mes, producción máxima de sus máquinas, al precio de seis pesos la tonelada de dos mil libras, pesadas y entregadas en la plataforma de su fábrica de Puerta de Tierra, y comprometiéndose además ambas compañías á garantizarse mutuamente el pago de los perjuicios liquidados que para el caso de inejecución del referido contrato habían fijado en las cláusulas 17ª y 19ª del mismo documento privado, ascendentes dichos perjuicios liquidados á la suma de veinte mil dollars, con las demás cláusulas que se insertan en el expresado documento; los comparecientes Don Wenceslao Bosch y Puig y Mr. Henry Gomes Guimaraes en las respectivas representaciones, con que intervienen en dicha escritura, ratifican y confirman en todas sus partes y elevan á documento público el referido

contrato privado de veinte y nueve de Diciembre de mil novecientos, y en su consecuencia llevándolo á puro y debido efecto, la sociedad "San Juan Ice and Refrigerating Company" constituye hipoteca voluntaria por los expresados veinte mil dollars á favor de J. Goico y Cª sobre la fábrica de hielo que le pertenece en propiedad en el barrio de Puerta de Tierra de esta Capital, con el solar, edificio y máquinas que la constituyen, hipotecando á su vez J. Goico y Cª á favor de la otra sociedad compareciente el terreno, edificios y máquinas que componen la fábrica de hielo de su propiedad que posee en el inmediato pueblo de Bayamón, afectando á la misma responsabilidad las máquinas y demás aparatos que para la fabricación de hielo tienen instalados en el almacén de Don Eduardo González Caneja en el barrio de la Marina de esta Capital, distribuyendo la responsabilidad por la expresada suma, y mil dollars más que se calcularon para costas, en la forma siguiente: quince mil dollars del capital y quinientos para costas sobre la fábrica de Bayamón y los cinco mil dollars restantes del capital y los otros quinientos para costas sobre la maquinaria existente en el almacén de Don Eduardo González Caneja.—Resultando: Que por otra escritura otorgada en esta Capital ante el Notario Don Juan Ramón de Torres, en veinte y seis de Diciembre de mil ochocientos noventa y uno, Don Jorge Goico y Saint Victor, como gestor de la sociedad titulada Goico y Cª, dueña que era de una fábrica de hielo establecida en el barrio de la Marina de esta Ciudad y Don Ramón B. López y Carlo y Don Juan Olivas y Prunell, ambos vecinos de la misma, y dueños á su vez de otra fábrica de hielo establecida en Bayamón, convinieron fusionar ambas empresas y constituir una sociedad industrial en comandita con objeto de dedicarse al mismo negocio de la fabricación del hielo, como así lo verificaron por medio de la precitada escritura, eligiendo como único gestor y administrador de la nueva sociedad que giraría bajo la razón de J. Goico y Cª, al mismo Don Jorge Goico y Saint Victor, y

estableciéndose en dicha escritura, entre otras bases y condiciones, por la cláusula 4ª, que el objeto de la referida sociedad sería la producción del hielo en las dos fábricas pertenecientes á la comunidad, que podría dedicarse además á cualquiera otra industria, previo acuerdo tomado por mayoría absoluta de votos; siendo entendido que las resoluciones de la sociedad sobre puntos que no estuvieran expresamente determinados en dicha escritura se adoptarían por mayoria numérica, cualquiera que fuera el capital que representaran los votantes; por la 5ª que el capital con que se constituía la nueva sociedad era el de setenta mil pesos, moneda extranjera corriente en el comercio, valor que habían dado á las dos fábricas de hielo aportadas á la sociedad por Goico y Cª y por Don Ramón B. López y Carlo y Don Juan Olivas y Prunell, correspondiendo de ellos, treinta y cinco mil pesos á la primera, diez y siete mil quinientos pesos al segundo, y los restantes diez y siete mil quinientos pesos al tercero; por la diez y nueve, que si ocurriere la muerte del gestor Don Jorge Goico, ó le ocurriese imposibilidad que le impidiera ejercer la administración con el acierto y actividad que el negocio requería, los demás socios por acuerdo unánime nombrarían otro que lo sustituyera, acordando en consecuencia lo que fuera más conveniente á los intereses de la sociedad; y por la vigésima, que los socios que estuvieran ausentes, ó se ausentaran en lo futuro, de esta Isla, estarían en la ineludible obligación de nombrar persona que con poder bastante los representara en todas las resoluciones que pudieran ocurrir, relativas á los intereses de la sociedad, participando al gerente por escrito quienes fueran sus representantes; que si alguno no cumpliese con lo establecido en las juntas que se celebraran sin la concurrencia de sus representantes, quedarían de hecho obligados y comprometidos á aceptar sin recurso de nulidad las resoluciones que tomaran los concurrentes, cualesquiera que fueran, y que las citaciones para juntas serían notificadas personalmente. Bajo cuyas cláusulas y las demás que contiene la expresada escritura

quedó constituida la sociedad J. Goico y Cª que fué registrada en el Registro Mercantil é inscrita á su vez en el Registro de la Propiedad de esta Capital, en cuanto al edificio y fábrica de hielo de Bayamón, en diez y seis de Enero de mil ochocientos noventa y dos, sin reparo ni defecto alguno.— Resultando: Que ocurrido con posterioridad el fallecimiento de Don Jorge Goico y Saint Victor, único gestor y administrador de J. Goico y Cª, y hallándose ausentes y sin representación en esta plaza los demás componentes de la sociedad Goico y Cª, que forman parte de J. Goico y Cª, lós otros socios Don Ramón B. López y Carlo y Don Juan Olivas y Prunell, en uso de las facultades que les conferían las cláusulas 19 y 20 de la escritura de constitución de dicha sociedad, por otra escritura de veinte de Agosto de mil novecientos, otorgada en esta Capital ante el Notario de la misma Don Mauricio Guerra Mondragón, nombraron administrador y apoderado general de la misma á Don Wenceslao Bosch y Puig, abogado, propietario, mayor de edad y vecino de esta Capital, generalmente para que en nombre y representación de los otorgantes, como tales representantes de J. Goico y Cª, rigiera, gobernara y administrara todos los bienes, intereses y derechos de la pertenencia de la misma, sin excepción ni limitación alguna: nombramiento y facultades que ratificaron posteriormente por otra escritura otorgada en esta Capital, en tres de Abril de mil novecientos uno, ante el Notario de Bayamón Don Tomás Valldejuli y Calatraveño, ampliando las facultades conferidas al apoderado y administrador Don Wenceslao Bosch, facultándolo especialmente para que otorgara la escritura del convenio celebrado entre el mismo Sr. Bosch como representante de J. Goico y Cª y la "San Juan Ice and Refrigerating Company", hipotecando al efecto los bienes inmuebles de la sociedad, en garantía del cumplimiento de dicho convenio ó de otros que pudieran efectuarse.—Resultando: Que presentada la escritura de ratificación de convenio é hipoteca voluntaria, de trece de Diciembre último, con la escritura de constitución de la

sociedad de J. Goico y Cª los poderes de que se ha hecho mérito conferidos á Don Wenceslao Bosch por Don Ramón B. López y Carlo y Don Juan Olivas y Prunell, á nombre de la referida sociedad y otros documentos más para su inscripción en el Registro de la Propiedad de esta Capital, la denegó el Registrador, según nota puesta al pie de la misma escritura que transcrita literalmente dice así:—"Denegada la inscripción del precedente documento en cuanto á las hipotecas constituídas por la sociedad J. Goico y Cª á favor de la "San Juan Ice and Refrigerating Company", por los defectos insubsanables de no ser susceptibles de hipoteca la maquinaria y demás accesorios existentes en el edificio de Don Eduardo González Caneja con independencia de dicho edificio, según el número segundo del artículo 108 de la Ley Hipotecaria; de que en las escrituras de constitución y prórroga de la sociedad Goico y Cª no se concede al gestor facultad para hipotecar y en la de constitución de J. Goico y Cª no se concede tampoco esa facultad al gestor ni al administrador que en su defecto se nombre; de que otorgada la primitiva escritura social de Goico y Cª, fecha veinte y dos de Noviembre de mil ochocientos ochenta y tres, por Don Jorge Goico, Don Miguel Godet, Don Angel Vasconi, Don Leonardo Tejada, Don José María Sánchez Frasqueri y Don Manuel López Bayo, estos cuatro últimos por medio de apoderados, no se insertaron ni se han acompañado los poderes de los Sres. Tejada, Sánchez y López Bayo, á fin de conocer las facultades de los mandatarios; de que prorrogada dicha escritura por otra de veinte y nueve de Diciembre de mil ochocientos ochenta y ocho por los Sres. Goico y Vasconi, el primero por sí y como apoderado de Don Leonardo Tejada, prestando ambos caución de *grato et rato* por los Sres. Godet y López Bayo, no se han insertado ni producido la escritura de cesión del Sr. Sánchez Frasqueri á los otros consocios y á Doña Polonia Guevara, fecha tres de Mayo de mil ochocientos ochenta y cuatro, ni la partición de bienes de la Sra Guevara para justificar que corresponde al Sr.

Godet la participación que en la sociedad tenía el Sr. Sánchez, como tampoco se ha acompañado la escritura de ratificación de los Sres. Godet y López Bayo, fecha veinte y siete de Junio de mil ochocientos ochenta y nueve, de que prorrogada la misma sociedad Goico y Cª en veinte y seis de Diciembre de mil ochocientos noventa y uno, por los Sres. Goico y Vasconi, el Sr. López Bayo, por medio de apoderado, y por Don Ricardo Ivorra por sí y como apoderado sustituto de Don Leonardo Tejada, no se han transcrito ni acompañado la sustitución de dicho poder ni la escritura de venta que al Sr. Ivorra otorgó Don Miguel Godet de su participación en la sociedad, en trece de Abril de mil ochocientos noventa y uno, y de que en el contrato de veinte y nueve de Diciembre de mil novecientos que se inserta en la escritura, no se acuerda la hipoteca adicional para costas y gastos; y en cumplimiento de la Ley sobre recursos contra las resoluciones de los Registradores se ha extendido anotación preventiva de las aludidas hipotecas, que tendrán efecto legal durante los ciento veinte días de su fecha, á folios 240, tomo once, de esta Ciudad, finca 502, anotación letra E., y al folio 198 del tomo 10 de Bayamón, finca 512, anotación letra A., habiéndose hecho constar en la anotación letra E., citada, el defecto subsanable de no valorarse la maquinaria y demás accesorios y útiles existentes en el edificio de Don Eduardo González Caneja; no practicándose operación alguna respecto á la hipoteca constituída por la "San Juan Ice and Refrigerating Company" á favor de J. Goico y Cª, por haberse desistido por ahora de su inscripción; refiriéndose el primer defecto solamente respecto á la negativa de la inscripción de la hipoteca sobre la maquinaria existente en el edificio de Don Eduardo González Caneja".—Resultando: Que notificada la precedente nota al presentante de la referida escritura, como no estuviera conforme con la calificación del Registrador, recogió los documentos presentados que acompañó después dentro del término legal el Abogado Don Wenceslao Bosch con escrito á este Tribunal Supremo, interponiendo el

recurso gubernativo contra la nota denegatoria de la inscripción y pidiendo se revoque y se le ordene al Registrador que se efectúe la inscripción de la hipoteca constituída por J. Goico y Cª á favor de "The San Juan Ice and Refrigerating Company", por la cantidad de quince mil dollars de principal y quinientos dollars más para costas, y que así se comunique al expresado funcionario.—Siendo ponente el Presidente del Tribunal Don José S. Quiñones.— Considerando: Que si bien en las escrituras de constitución de las sociedades Goico y Cª y J. Goico y Cª no están autorizados los gestores para enajenar los bienes inmuebles de la sociedad, ni se concede esa facultad al administrador que se nombre en defecto del gestor, este reparo del Registrador de la Propiedad no implica necesariamente la ineficacia de la escritura hipotecaria de que se trata, que no fué constituída por el gestor de J. Goico y Cª ni por un administrador con facultades ordinarias, sino por el Abogado Don Wenceslao Bosch y Puig en su concepto de administrador y apoderado general de la Sociedad J. Goico y Cª, nombrado en representación de la misma, con motivo de la muerte del gestor Don Jorge Goico y Saint Victor, por los socios Don Ramón B. López y Carlo y Don Juan Olivas y Prunell, quienes en virtud de lo establecido en las cláusulas diez y nueve y veinte de la escritura de constitución de la aludida sociedad, lo han autorizado expresamente, no sólo para ejercer las facultades inherentes al gestor, sino para hipotecar los bienes de la sociedad de "The San Juan Ice and Refrigerating Company", en cumplimiento del contrato celebrado con la misma desde Diciembre del año anterior, documento que, no habiendo sido declarado ineficaz expresamente por el Registrador de la Propiedad á los efectos del otorgamiento é inscripción de la escritura hipotecaria de que se trata, no obstante haberlo tenido á la vista, tampoco puede rechazarlo este Tribunal, cuya competencia en esta clase de recursos sólo se extiende á resolver gubernativamente y sólo para el efecto de su inscripción, sobre los docu-

mentos que hayan sido calificados previamente por el Registrador, sin perjuicio de los derechos de las partes interesadas que podrán hacer valer ante quien y en la forma correspondiente.—Considerando: Por lo que respecta á los reparos opuestos por el Registrador á la constitución de la sociedad J. Goico y C.ª, que habiendo sido inscrita la escritura de constitución de dicha sociedad por el anterior Registrador en cuanto á la fábrica de hielo establecida en el inmediato pueblo de Bayamón, sin defecto alguno, los reparos que hoy se oponen por el Registrador actual á la formación de aquella sociedad, están ya fuera de tiempo y lugar, y no pueden impedir la inscripción de la hipoteca constituída por el administrador y apoderado general de J. Goico y C.ª sobre la expresada fábrica, cuyo dominio aparece inscrito á su favor en el Registro de la Propiedad, sin defecto alguno que restrinja el libre ejercicio de sus derechos dominicales sobre ella.—Considerando: Que si bien, atendidos los términos en que aparecen redactadas las cláusulas cuarta, quinta y sexta de la escritura hipotecaria de trece de Diciembre último, no puede dudarse que la hipoteca constituída por el administrador y apoderado general de J. Goico y C.ª á favor de la otra sociedad otorgante, sobre la fábrica de hielo de Bayamón, se hizo también extensiva á las máquinas y aparatos para la fabricación del hielo que tiene la primera instalados en el almacén de la Marina de esta Capital, de la propiedad de Don Eduardo González Caneja, los que, con arreglo al número 2 del artículo 108 de la Ley Hipotecaria vigente, no son hipotecables con independencia del edificio en que se encuentren colocados, y, por consiguiente, que no es inscribible la hipoteca constituída sobre dicha maquinaria, esta circunstancia no afecta en lo más mínimo á la validez y eficacia de la otra hipoteca establecida por la misma sociedad J. Goico y C.ª, á favor de "The San Juan Ice and Refrigerating Company", sobre su fábrica de hielo de Bayamón, por la suma de quince mil dollars del capital y quinientos más para costas, respecto de la cual no aparece inconveniente alguno que

se oponga en su inscripción en el Registro.—Vistos los artículos 34 y 108, número 2, de la Ley Hipotecaria y las resoluciones de la Dirección General de los Registros de la Propiedad, de veinte y tres de Junio de mil ochocientos noventa y cuatro y diez y nueve de Agosto de mil ochocientos noventa y cinco.—Se confirma la nota denegatoria puesta por el Registrador de la Propiedad de esta Capital al pie de la escritura hipotecaria de que se trata en el presente recurso, en cuanto por ella se deniega la inscripción de la hipoteca constituída sobre la fábrica de hielo que tiene la sociedad J. Goico y Cª instalada en el almacén de Don Eduardo González Caneja, en el barrio de la Marina de esta Capital, y se revoca en sus demás extremos; y en su consecuencia el Registrador proceda á inscribir la hipoteca constituída por la misma sociedad sobre la otra fábrica de hielo que tiene establecida en el pueblo de Bayamón, á favor de "The San Juan Ice and Refrigerating Company", por la suma de quince mil dollars del capital y quinientos más para costas, á que se refiere la expresada escritura, la que se devolverá al recurrente con los demás documentos presentados por el mismo á este Tribunal Supremo.—Y remítase copia certificada de esta resolución, que se publicará en la *Gaceta Oficial*, al Registrador de la Propiedad de esta Capital para su conocimiento y demás efectos que procedan.—Lo acordaron y firman los señores del Tribunal, de que certifico.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —J. H. McLeary.—Antonio F. Castro, *Secretario.*